622 A.2d 270

MARILYN J. CLYDE, T/A GARDEN STATE REMOVAL COMPANY, PLAINTIFF, v. MANSFIELD TOWNSHIP AND FLORENCE TOWNSHIP, DEFENDANTS–RESPONDENTS, AND THE BURLINGTON COUNTY BOARD OF CHOSEN FREEHOLDERS AND THE BURLINGTON COUNTY HEALTH DEPARTMENT, INTERVENOR–DEFENDANTS RESPONDENTS, AND STATE OF NEW JERSEY, INTERVENOR, v. SUPER KWIK, INC. DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued February 9, 1993—Decided March 19, 1993.

Before Judges DREIER, SKILLMAN and VILLANUEVA.

*Walter B. Dennen* argued the cause for appellant (*Swain, Dennen, Keszler & Bauman,* attorneys; *Mr. Dennen* on the brief).

*John E. Harrington* argued the cause for respondent Township of Mansfield (*John L. Madden,* on the brief).

*Carole A. Quattlander,* Assistant County Solicitor argued the cause for intervenors Burlington County Board of Chosen Freeholders and Burlington County Health Department (*Stephen J. Mushinski,* County Solicitor; *Ms. Quattlander,* on the brief).

*Mark A. Wenzler,* Deputy Attorney General argued the cause for Intervenor Department of Environmental Protection and Energy (*Robert J. Del Tufo,* Attorney General, attorney; *Joseph A. Yanotti,* Assistant Attorney General, of counsel; *Mr. Wenzler,* on the brief).

The opinion of the court was delivered by

DREIER, J.A.D.

Super Kwik, Inc., a licensed solid waste hauler, appeals from a summary judgment upholding provisions of the traffic control ordinances of Mansfield Township and Florence Township. The ordinances required that waste haulers passing through the Townships follow the precise routes specified by Plan Amendment 87–2 to the Burlington County District Solid Waste Management Plan. The narrow issue presented in this case is whether the Solid Waste Management Act,. *N.J.S.A.* 13:1E–1 to –48, preempted the municipalities' authority to enact conforming traffic control ordinances pursuant to *N.J.S.A.* 39:4–197(1)(b) (authorizing municipalities to limit the use of streets to certain classes of vehicles; *see also N.J.S.A.* 40:67–16.6), or the general municipal powers contained in *N.J.S.A.* 40:48–2.

The question presented to us is a close one, but we determine that there is no preemption, and the ordinances are enforceable. One of the problems we face in determining the municipalities' power to regulate traffic proceeding to or from the facility is that the Solid Waste Management Act specifically provides for its own enforcement. *N.J.S.A.* 13:1E–9 provides that the codes, rules and regulations adopted by the Department of Environmental Protection and Energy (DEPE) relating to solid waste collection and disposal "shall have the force and effect of law. [They] ... shall be enforced by the department and by every local board of health, or county health department, as the case may be." *N.J.S.A.* 13:1E–9a. The DEPE has promulgated *N.J.A.C.* 7:26–3.1 (improper transportation prohibited) stating, that transportation of solid waste shall be only by the transportation systems set forth in the regulations or approved by the

Department. *N.J.A.C.* 7:26–3.4(j) (Transporter Requirements (General)) specifically directs:

All solid waste vehicles used for transportation of solid waste shall ... access and exit solid waste facilities in accordance with designated solid waste vehicle routes as specified in either the appropriate district solid waste management plan or the permit for the particular solid waste facility.

State statute and DEPE regulations thus direct waste haulers to adhere to the specified routes, and such regulations are to be enforced locally by the DEPE and the county and local boards of health. It could therefore be said that the State has preempted the field.

The practical reality of such enforcement would mean that either the DEPE or the county or local boards of health [1] would be forced to rely on the happenstance of an official being present when a truck deviated from the assigned routes. If a local police officer observed such deviation, the truck would have to be detained until a DEPE or health board official could be dispatched to issue an appropriate summons. We are thus concerned about the lack of an express delegation of power to municipalities such as that found in *N.J.S.A.* 13:1E–9.3 relating to unlawful collection or disposal of solid waste.[2]

The Legislature has recently amended the general remedies section, *N.J.S.A.* 13:1E–9, greatly broadening enforcement powers. It reads, in part:

(*l*) Pursuit of any remedies specified in this section [*N.J.S.A.* 13:1E–9] shall not preclude the pursuit of any other remedy provided by any other law.
[*L.* 1990, *c.* 70, § 1(*l*).]

This provision has not yet become law since it is to become effective only upon the enactment of a companion bill (provid-

---

[1] We were informed at oral argument that the Township of Mansfield and the Township of Florence do not maintain their own health staff, but rather rely upon the County Board of Health.

[2] That section, however, is limited to transportation "to a disposal site or any other place which does not have authorization from the department ... to accept solid waste." *N.J.S.A.* 13:1E–9.3b. It is therefore inapplicable.

ing for the licensing of certain recycling centers), which is still pending in the Senate Environmental Committee. The amendment, however, provides some clarification of legislative intent.

The Burlington County Board of Chosen Freeholders and the Burlington County Health Department intervened in the Law Division on the side of the Township of Mansfield and Township of Florence. While this matter was pending before us on appeal, DEPE likewise moved to intervene.[3] Both municipal ordinances were submitted to the Board of Freeholders, acting as the Solid Waste Management District Board, for approval, which was granted. The DEPE Commissioner's certification of Plan Amendment 87–2 stated that collector-haulers who failed to comply would be "subject to the provisions and penalties of *N.J.S.A.* 13:1E–9 and 12 *and all other applicable laws.*" (Emphasis added). Thus, we have the Legislature in the yet-ineffective, but enacted, provision stating its intention that there should be coordinated enforcement. The DEPE, the County and the Municipalities all have approved the traffic regulation. Yet, the affected hauler contends the ordinances are preempted.

This would be an easier case if there were a specific section either granting or precluding municipal jurisdiction to enact and enforce a conforming traffic control ordinance. We must, however, also look at the interests to be protected, and this inquiry helps us resolve the question. If the driver of a truck hauling solid waste to the facility decides to deviate from the prescribed route, and drives through the municipality's residential area or down its main street, there are both health and traffic ramifications. By approval of the municipal ordinances, the Board of Freeholders has recognized that the traffic as-

---

[3] At oral argument we indicated that we had granted the intervention motion and would so note in our opinion. We do so here. With the exception of the "banning" provision in section three of the Township of Mansfield ordinance, which we have already invalidated, the DEPE supports the municipal jurisdiction asserted by the Townships.

pects of the deviations are municipal matters which may be enforced by the local police, with the municipality collecting the fines. *See N.J.S.A.* 39:4–197.2. This in no way impinges upon the Board of Health's jurisdiction if it is determined that such a complaint is warranted.[4] The Board of Health may choose to act only where the deviation is intentional or where it is shown to have been at the hauler's direction, rather than as a result of a driver's mistake, or upon some other criteria.

It seems clear that there is a municipal interest, apart from the waste management control interests, which may be vindicated by the municipalities, and such enforcement is not specifically preempted by State law or objection from the County as the Waste Management District. This is not a matter such as *Bordentown Township Bd. of Health v. Interstate Waste Removal Co.*, 191 *N.J.Super.* 128, 465 A.2d 587 (Law Div.1983), where it was held that the Board of Health, but not the municipality or school district, had the right to collect the statutory penalties under *N.J.S.A.* 13:1E–9. In the case before us, separate traffic ordinances, which carry their own penalties, were enacted by the municipalities and approved by the waste management district. The Townships have enacted ordinances which subject the violator to usual municipal penalties of up to $1,000.[5] This penalty appears eminently more appropriate for the infraction, if a waste hauler's driver deviates from the prescribed route, than the $50,000 penalty authorized for the violation of the Solid Waste Management Act. *N.J.S.A.* 13:1E–9f. The ordinances define what is essentially a traffic offense.

---

[4] Whether the collection of fines for the violation of the municipal ordinances would preclude the collection of penalties by the Board of Health or DEPE under double jeopardy standards is not before us, and we express no opinion on this subject.

[5] The maximum fine is $1,000 or ninety days in jail. The fine for a first offense is $100; for a second offense, $500. The penalties are authorized by the general municipal powers in Title 40 (*N.J.S.A.* 40:67–16.5) and Title 39 (*N.J.S.A.* 39:4–201) as well as the penalty chapter of the Mansfield Municipal Code (§ 60–13F).

Section three of the Mansfield Township Ordinance No. 1989–8 presents a different problem. Amendment 87–2 to the Solid Waste Management District Plan permits the County to ban any person violating the access requirements from further access to the facility. Section three of the Mansfield Township Ordinance mirrors this provision and permits the Township similarly to ban a person deviating from the access routes. Such a ban would in effect permit Mansfield Township to control access to the facility, in violation of the State powers delegated to solid waste management districts. We therefore find this single provision of the Mansfield Township ordinance preempted and unenforceable. By reason of the severability provision in the ordinance, the balance of its regulatory provisions remain enforceable. At oral argument Mansfield Township conceded that the banning section was invalid.

Affirmed, except as to Section 3 of the Mansfield ordinance, which is declared invalid.